UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

UNITED STATES OF AMERICA


v.                                        DOCKET NO: 1:18-CR-10391-RGS


DEREK SHEEHAN


DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS


Now comes the defendant through counsel and pursuant to Title 18 U.S.C. § 3142, respectfully requests that the Court release him pursuant to conditions.  The defendant proposes certain conditions below.  The undersigned submits that these conditions are sufficient to ensure Mr. Sheehan's appearance at future Court hearings, events and a possible trial in this case; and sufficiently address the statutory rebuttable presumptions of risk of flight and danger to the community.

**Biographical Information:**

The undersigned anticipates that the Pre-Trial Services department will report the following information to the Court concerning the defendant's personal background.  Mr. Derek Sheehan is a 48 year old citizen of the United States who was born and raised in Massachusetts.  Mr. Sheehan has been married to his wife Nicole for 17 years.  They are the parents of three children: Katie age 16, Alyssa age 15 and Ryan age 13.  They married in 2001 and have been together since 1996.  .  Derek and his wife have raised their children in the house they own located at 1 Circle Drive in Norwell.  The children have attended the Norwell public schools.  Derek and his wife decided over the past year to re-locate to Florida.  Nicole and the three

1

children are presently living in northeast Florida.  The family residence in Norwell is presently for sale.

Mr. Sheehan has been gainfully employed his entire adult life.  After graduating from Rockland high school, Derek served four years in the United States Marine Corps and was honorably discharged.  After his military service, Derek has been employed as an IT specialist and made a successful career at Oracle, Incorporated for the past 20 years.

The undersigned believes that Mr. Sheehan's criminal record is minimal and has entries from when he was young for petty offenses.

At the commencement of criminal charges in related state court cases, the defendant had been released on cash bail with Global Positioning System (GPS) monitoring from August 17, 2018 until mid-September by the Barnstable and Hingham courts.  The defendant was in complete compliance with his release conditions in the month that he was out on bail. Designated exclusion zones were put in place and Mr. Sheehan did not violate these conditions. On September 17, 2018 the defendant was held without bail after the Plymouth County District Attorney filed a motion alleging the defendant was dangerous.  The defendant, with prior counsel, stipulated to the dangerousness request and has been held on the most recent Hingham court charge since September 17, 2018.

Mr. Sheehan is a good candidate for release on conditions pursuant to traditional factors enumerated in the federal bail statute.  He has significant roots in the community, strong family ties, history of legitimate employment and little or no criminal record.  Title 18 U.S.C. section 3142(b) mandates pretrial release ("shall order the pretrial release") on personal recognizance unless the court determines that "such release will not reasonably assure" the person's

appearance or "will endanger the safety of any other person or the community." Even if this Court determines that personal recognizance or unsecured release will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. section 3142(c) still mandates release subject to certain specified conditions. The conditions must be the least restrictive necessary, as determined by the court in the exercise of its discretion, to reasonably assure the person's appearance and the community's safety. The release conditions set by the court does not require a guarantee of appearance or safety. *See* U.S. v. O'Brien, 895 F.2d 810 (1st Cir. 1990).

The statute suggests various conditions of release which a court may impose, including given the court authority to impose, "any other condition that is reasonably necessary to assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. section 3142(c)(1)(B)(xiv).

While Mr. Sheehan is facing serious charges, mandatory minimum sentences, and troubling factual allegations; the undersigned states that suggested conditions of release set forth below will ensure his appearance at future Court events and address any concerns about danger to the community.   The defendant's suggested location for release is his mother's residence in Rockland, Massachusetts.  His mother, Eileen Cina resides at 23 Midfield Drive in Rockland with her husband Salvatore Cina.  The two live alone in the house and there are no children in the residence.  Indeed, there are no children living in this over 55 year age development. The defendant's mother is a life-long resident of Massachusetts.

The undersigned states that the nature and seriousness of the danger to any person or to the community posed by Mr. Sheehan's release is minimal due to the manner in which the

defendant is alleged to have committed the crimes alleged in the indictment.  Mr. Sheehan's family will continue to reside in Florida.

The undersigned states that Derek Sheehan is not a risk of flight; will not obstruct justice or threaten a witness; and under the circumstances poses a zero risk of re-offending.  See, <u>United States v. Heckley</u>, 15-mj-3075-KAR, 15-cr-520-DB (United States District Court, District of Massachusetts, Robertson, M.J., March 30, 2016.)

**Suggested Conditions:**

The undersigned suggests the following conditions:

1. That a cash bond in the amount of $20,000 (twenty thousand dollars) be paid by the defendant and his family;

2. That the defendant execute an unsecured bond in the amount of $100,000 (one hundred thousand dollars);

3. That the defendant's mother execute an unsecured bond in the amount of $50,000 (fifty thousand dollars);

4. That the defendant be subject to electronic monitoring and curfew during the pendency of the case with designated exclusion zones;

5. That the defendant report in person or by telephone with the Office of Pre Trial Services on a weekly basis during the pendency of this case;

6. That the defendant maintain counseling during the pendency of this case;

7. That the defendant refrain from violating any federal or state laws;

8. The defendant agrees to not apply for a United States passport while out on release during the pendency of this case (his previous passport is expired);

9. That the defendant refrain from any contact with any witness associated with the pending prosecution against him;

10. That the defendant not possess a firearm or other dangerous weapon;

11. That the defendant not travel outside the State of Massachusetts without seeking permission from the Court;

12. And any other further condition the Court believes appropriate to ensure the defendant's appearance at trial.

Wherefore, the defendant respectfully requests that he be released from custody during the pendency of this matter pursuant to the conditions referenced above and any other conditions that the Court deems appropriate.

<div style="margin-left:40%">

Respectfully submitted,
**Derek Sheehan,**
by his lawyer,

</div>

Date : <u>November 13, 2018</u>          /s/ William Keefe
                                        **William Keefe**
                                        **BBO # 556817**
                                        801C Tremont Street
                                        Boston, MA 02118
                                        Telephone: (617) 442-9201
                                        Facsimile: (617) 445-8002

<div style="text-align:center">

**CERTIFICATE OF SERVICE**

</div>

I, William Keefe, hereby certify a copy of the Defendant's Motion for Release on Conditions was electronically filed with the United States Attorney, United States Attorney's Office, 1 Courthouse Way, Boston, Ma 02210, today, November 13, 2018.

<div style="text-align:right">/s/William Keefe</div>