UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10391-RGS

UNITED STATES OF AMERICA

v.

DEREK SHEEHAN

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO SUPPRESS

September 20, 2019

STEARNS, D.J.

As the court noted at this afternoon's hearing, both parties have briefed the motion to suppress on the issue of whether the warrant issued by the Massachusetts state court complied with Massachusetts law, particularly with respect to identifying a viable prosecution under Massachusetts law. The court believes that the fundamental premise is mistaken for the following reasons. It has long been established that evidence gathered by state or federal authorities in conformity with federal law is admissible in federal proceedings without regard to state law. *Elkins v. United States*, 364 U.S. 206, 224 (1960); *United States v. Sutherland*, 929 F.2d 765, 769 (1st Cir. 1991). This is true even when the evidence "is obtained pursuant to a state search warrant or in the course of a state investigation." *United States*

v. *Mitro*, 880 F.2d 1480, 1485 n.7 (1st Cir. 1989). This is true even in instances where a state court has issued a motion to suppress involving the same warrant based either on state law or the state court's interpretation of federal law. *Virginia v. Moore*, 553 U.S. 164, 171-176 (2008); *United States v. Charles*, 213 F.3d 10, 19 (1st Cir. 2000). *See Olmstead v. United States*, 277 U.S. 438 (1928) (evidence gathered by federal agents in contravention of a state statute); *United States v. Quinones*, 758 F.2d 40, 43 (1st Cir. 1985) (same); *United States v. Aiudi*, 835 F.2d 943, 946 (1st Cir. 1987) (evidence gathered in contravention of state law by state authorities acting in concert with federal agents); *United States v. Kovac*, 795 F.2d 1509, 1511-1512 (9th Cir. 1986) (same). *See also United States v. Pforzheimer*, 826 F.2d 200, 202-204 (2d Cir. 1987) (evidence gathered illegally under state law by state officials without federal participation); *United States v. One Parcel of Real Property,* 873 F.2d 7, 8 (1st Cir. 1989) (same); *United States v. Jarabek*, 726 F.2d 889, 900 (1st Cir. 1984) (same).

Moreover, evidence gathered under a state warrant is admitted in federal proceedings if the warrant substantially complies with federal law; strict adherence to Fed. R. Crim. P. 41(a) is not required so long as the state

warrant process comports with federal due process requirements. *United States v. Soule*, 908 F.2d 1032, 1038-1039 (1st Cir. 1990).[1]

In that this case was undertaken by state authorities with a state prosecution in mind and then, for whatever reason, ceded to the federal government for prosecution under a federal crime, in fairness to the defendant the court believes that he (and the government) should have the opportunity to address the relevant issue: whether the affidavit supporting the warrant established probable cause under federal law for the search(es). The court offers no opinion on other issues raised by the defendant as, for example, overbreadth, and will leave those for the new round of briefing which the court now instructs the Clerk to schedule.

SO ORDERED.
/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] As an aside, while the Supreme Judicial Court has not definitively stated whether it endorses the so-called "reverse silver platter" doctrine, it implicitly has. See *Commonwealth v. Gonzalez*, 426 Mass. 313, 317 (1997) (evidence lawfully gathered by federal authorities for federal purposes without any significant participation by state officers held admissible in Massachusetts courts even though the same evidence gathering, if engaged in by state officials, would violate art. 14 of the Declaration of Rights).