UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 18-CR-10391-RGS |
| | ) | |
| DEREK SHEEHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM AND REPLY TO THIS COURT'S SEPTEMBER 20, 2019 ORDER

Now comes the United States, by and through the undersigned Assistant United States Attorney, and hereby files its supplemental opposition to the defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrants. For the reasons discussed in the government's previously-filed Omnibus Response to the defendant's motions and those discussed in greater detail below, this Court should DENY the motions.

## BACKGROUND

On June 14, 2019, defendant Derek Sheehan filed a motion to suppress evidence seized pursuant to two state court-issued search warrants (Doc. 57) and a motion for a *Franks* hearing (Doc. 58). In the motion to suppress, the defendant contended that: 1) the first search warrant lacked probable cause to believe that the defendant committed any crime and that fruits of those crimes would be found at his home; 2) the first warrant was unconstitutionally overbroad; 3) the seizure of the defendant's iPhone from his wife was not authorized by the first warrant; 4) the search executed pursuant to the first warrant was executed overbroadly; and 5) the second search warrant lacked probable cause.

The government filed an omnibus response to the motions on July 24, 2019. Doc. 66. In its response, the government argued that: 1) the affidavit established probable cause to believe that a crime had been committed and that evidence, fruits, and instrumentalities of that crime would be located at the defendant's residence; 2) the first warrant was not unconstitutionally overbroad; 3) the first warrant was not executed overbroadly; 4) the second warrant was properly issued, where it established probable cause to believe the specified items would contain evidence of child pornography; and 5) that the defendant made no showing, let alone a substantial one, to necessitate a *Franks* hearing.

Following a hearing on September 20, 2019, this Court denied the defendant's motions without prejudice, ordering additional briefing from the parties regarding "whether the affidavit supporting the warrant established probable cause under federal law for the search(es)." Doc. 73, Memorandum and Order.

The defendant filed a Supplemental Memorandum and Reply to this Court's September 20, 2019 Order on October 7, 2019. Doc. 82. In that filing, the defendant argues alternatively that: 1) state law is relevant to the analysis of whether the warrant supplied probable cause to believe that he committed the alleged state crimes, and 2) if state law is not relevant, evaluating the warrant for probable cause for analogous federal crimes demonstrates there was not probable cause. For the reasons discussed in the government's Omnibus Response (Doc. 66) and expanded upon below, this Court should DENY the defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrants and Motion for a *Franks* Hearing.

## DISCUSSION

I. <u>The issuing magistrate had a substantial basis to conclude, under the totality of the circumstances, that Puricelli's affidavit demonstrated a fair probability that evidence of a crime would be found in the defendant's home.</u>

A. **The federal standard of review**

The threshold issue to address in considering the defendant's motion to suppress is the standard a district court should use in evaluating the sufficiency of probable cause supplied in a state-issued search warrant. Probable cause is determined in light of the totality of the circumstances; the ultimate question is whether the affidavit demonstrated a fair probability that evidence of a crime would be found pursuant to the warrant. *See Illinois v Gates*, 462 U.S. 216, 230, 238 (1983). *Gates* does not define "fair probability;" "therefore, it appears that there is no threshold evidentiary standard which establishes fair probability that criminal evidence will be located in a particular area." *See* Peter J. Kocoras, 42 DePaul Law Review 1413, 1427 n.103 (1993). However, the First Circuit has made clear that "[t]he standard of probable cause requires a probability, not a prima facie showing, of criminal activity." *United States v. Burke*, 999 F.2d 596, 599 (1st Cir. 1993) (*citing United States v. Ciampa*, 793 F.2d 19, 22 (1st Cir. 1986)). *See also United States v. Mitro*, 880 F.2d 1480, 1485 n.7 (1st Cir. 1989).

In reviewing an issuing magistrate's finding of probable cause, a district court analyzes whether a magistrate would have had a substantial basis to find that this federal probable cause standard was met. *See*, *e.g.*, *United States v. Rosario*, 810 F. Supp. 2d 375, 385 (D. Mass. 2011) (*citing Gates*, 462 U.S. at 238-39).[1] Probable cause is a "practical, nontechnical conception,"

---

[1] The defendant asks this Court to engage in a much more exacting analysis that looks to the elements of the crimes as developed in state jurisprudence, *see* Def.'s Supp. Mem. at 2-3 (re-raising arguments made in Doc. 57). In its Omnibus Response to the defendant's original filings, the government also looked to state jurisprudence interpreting the specific state violations alleged in the affidavit to ground its reply, but acknowledges that this Court need not

*Gates*, 462 U.S. at 231 (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1949)), and affidavits should be evaluated under the totality of the circumstances in a "common sense manner," *United States v. Syphers*, 426 F.3d 461, 465 (1st Cir. 2005) (internal quotations omitted).  By contrast, "hypertechnical readings should be avoided." *Id.* (citing *United States v. Baldyga*, 233 F.3d 674 at 683 (1st Cir. 2000) (quoting *United States v. Bonner*, 808 F.2d 864, 868 (1st Cir. 1986)). Inferences are permissible, *United States v. Falon*, 959 F.2d 1143, 1147 (1st Cir. 1992) (citing *United States v. Hershenow*, 680 F.2d 847, 852 (1st Cir. 1982), but wholly conclusory statements in an affidavit are insufficient, *see Gates,* 462 U.S. at 239.  In sum, the totality of the circumstances analysis is quite flexible and permits the issuing magistrate to make a common-sense judgment.

The role of the federal district court reviewing a state-issued warrant that has been challenged for lack of probable cause is simply to determine whether a reasonable magistrate would have had a substantial basis for concluding that there was probable cause, pursuant to the standard outlined above.  To establish probable cause, the facts presented in the affidavit "need only warrant a man of reasonable caution to believe that the evidence of a crime will be found." *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999) (internal quotation omitted).  The fact that this is a reasonable person standard highlights that "[t]he probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citing *Gates*, 462 U.S. at 231).  As reviewing courts, "both the district court and the court of appeals must accord considerable deference to the probable cause determination made by the issuing magistrate." *United States v. Zayas-Diaz*, 95 F.3d 105, 111 (1st Cir. 1996) (internal

---

engage in that level of analysis to find, under the deferential, fact-focused standard used in federal courts, that the warrants here were supported by sufficient probable cause.

citations omitted).  Again, the probable cause need not be sufficient to prove guilt in a criminal

trial.  *See Brinegar v. United States*, 338 U.S. 160, 173 (1949).

Where the defendant alleges a lack of probable cause, the key issue[2] for this Court to decide

is "whether the affidavit supporting the warrant established probable cause under federal law for

the searches," Mem. and Order at 3.  *See also United States v. Mitro*, 880 F.2d 1480, 1485 (1st

Cir. 1989) (citing *United States v. Sellers*, 483 F.2d 37, 43 (11 Cir. 1973), cert. denied, 417 U.S.

908 (1974)) ("The products of a search conducted under the authority of a validly issued state

warrant are lawfully obtained for federal prosecutorial purposes if that warrant satisfies

constitutional requirements and does not contravene any Rule-embodied policy designed to protect

the integrity of the federal courts or to govern the conduct of federal officers.").

The defendant relies primarily on *United States v. Cordero-Rosario*, 786 F.3d 64 (1st Cir.

2015) to argue that this Court should look to state case law interpreting the warrant affidavit's

target offenses.  The First Circuit's opinion, however, actually shows that while indeed the

question of probable cause must be tied to the crimes alleged in the warrant—state crimes—a

reviewing federal court does not delve into the details of the elements of those state crimes, but

instead focuses on the facts as presented to the issuing magistrate in the affidavit.[3]  The First

---

[2]   Many published cases in which a federal court reviews a state-issued search warrant relate to
deficiencies not at issue in the present case.  For example, the deficiency may be that the warrant
contravened state statutory law.  S*ee, e.g., United States v. Quinones*, 758 F.2d 40, 43 (1st Cir.
1985) ("it is well settled that in federal prosecutions evidence admissible under federal law
cannot be excluded because it would be inadmissible under state law").  Or, a defendant may
allege that a warrant violates a federal procedural requirement.  *See, e.g., United States v. Soule*,
908 F.2d 1032, 1034 (1st Cir. 1990); *United States v Krawiec*, 627 F.2d 577, 581-82 (1st Cir.
1980).  In the present case, there is no contention that the search warrant violated a state law or
contravened any procedural aspects of Rule 41. As relevant here, the defendant challenges only
the sufficiency of probable cause.

[3]   The defendant also cites *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3rd Cir. 2005) for
the proposition that: "Whether any particular set of facts suggests that an arrest is justified by

Circuit in *Cordero-Rosario*, reviewing the denial of a motion to suppress, considered the facts as set out in the affidavit and found that the affidavit failed to supply probable cause because it "supplied no basis for connecting the pornography that was the object of the search to [the target offense, lewd acts with a minor], which, in its nature, does not necessarily involve the use of pornography at all." 786 F.3d at 70.  The affidavit failed to establish probable cause because it "was conclusory to all the key points concerning the nexus." 786 F.3d at 71.  Puricelli's affidavit, by contrast, includes a sufficient factual basis—devoid of conclusory statements not reasonably inferred from the evidence—to establish probable cause for the warrant.

### B.     Factual analysis of the target offenses

A common-sense, totality of the circumstances review of Puricelli's affidavit demonstrates that the issuing clerk magistrate had a substantial basis to conclude that there was a "fair probability" that evidence, fruits, and instrumentalities of the four state crimes alleged therein would be found pursuant to the first warrant.[4]  For the reasons that follow, which the government reiterates from its Omnibus Response, the government urges this Court not to disrupt the issuing clerk magistrate's determination of probable cause.

### 1.     Impersonation of a Police Officer

As described in the government's Omnibus Response at pages 3-6, the affidavit details the defendant's scheme to divert attention from himself as a target of investigation by impersonating

---

probable cause requires an examination of the elements of the crime at issue."  However, that case concerned probable cause for an arrest, not a search warrant.  Additionally, this specific proposition in this case is not cited by the First Circuit, and is only cited a few times in the Third Circuit and once by the DC Circuit, all in cases related to arrests, not search warrants, *see*, *e.g.*, *Wesby v. District of Columbia*, 816 F.3d 96, 98 (2016).

[4]   The government relies on and incorporates herein its summary of the facts presented to the clerk magistrate, as outlined in its Omnibus Response at pages 1-8, which cited extensively to the affidavit.  All of the facts mentioned herein are drawn from that recitation.

a police officer and fabricating a State Police report.  More specifically, the affidavit lays out a scheme by which the defendant attempted to divert attention from himself as the target of a real investigation by assuming the identity of Norwell Police Officer Rick Phelps.  Central to the scheme was the defendant's creation of an email address in the officer's name, which he used to impersonate the real Phelps in a fake conversation over email with himself.   A fair reading of the facts outlined in Puricelli's affidavit leads to the conclusion that the defendant fabricated the Massachusetts State Police report to help pull off the ruse.  He showed the fraudulent email conversations and report to multiple individuals who had some stake in the matter—such as Minor A's parents and Minor C's parents—and talked about it to others.  Focusing on the affidavit in a common-sense manner, these facts provide a substantial basis for the issuing magistrate to have concluded that there was probable cause to believe that evidence of the defendant impersonating a police officer would be found in the defendant's home.

## 2.    Witness Intimidation

The affidavit also supplied sufficient information for the issuing magistrate to have found, under the totality of the circumstances, that there was a fair probability the search warrant would unearth evidence that the defendant violated the Massachusetts witness intimidation statute.

Here, the affidavit shows that the defendant fabricated the State Police report for the sole purpose of diverting investigatory focus from himself once he realized (by gaining unauthorized access to Minor A's text messages) that Minor A and his friends might be talking about his alleged assault of Minor A.  He then circulated that fraudulent report—along with a fabricated chain of emails that he concocted—to make it seem as if "rumors" about him were investigated and cleared. The only conceivable reason for doing so is to mislead potential witnesses from the truth, to prevent a real investigation from uncovering his illegal conduct.  Just a few months after the

defendant engaged in those preliminary efforts, the defendant apparently realized that his plan had failed. The fair inference is that then, his wife reached out to Minor B's mother, arguably on his behalf, to alert her that there was an active investigation targeting the defendant for crimes against one of her son's friends. Nichole Sheehan told Minor B's mother that the police were lying, urged her not to believe them, and the defendant joined in – for the sole purpose of misleading the investigation.

A common-sense consideration of these facts, in the totality of the circumstances, shows that the magistrate had a substantial basis upon which to find probable cause.

### 3.     Unauthorized Access to a Computer

The facts in the affidavit further show that the issuing magistrate had a substantial basis to find there was a fair probability that evidence of unauthorized access to a computer would be found pursuant to the execution of the warrant. The affidavit established that Minor A had an Apple account that was password-protected, that the defendant logged into that account without Minor A's knowledge or consent, and that he did so using computer devices from his home. The defendant was not authorized to access Minor A's account. The defendant's argument to the contrary is unavailing. Regardless of whether Minor A realized that the defendant had his login information, the defendant was not authorized to access his account, which is plainly obvious given the purpose for which witnesses accused him of doing so: to spy on Minor A.  In the totality of the circumstances, Puricelli's affidavit established a fair probability that evidence of this crime would be found in the place to be searched.

### 4.     Identity Fraud

The issuing magistrate also had probable cause to believe that evidence of identity fraud would be found pursuant to the execution of the warrant, based on a common-sense reading of the

affidavit.  The facts in the affidavit establish that when the defendant posed as Officer Rick Phelps, as outlined above, he did so specifically to avoid prosecution (or, at least, scrutiny from law enforcement).[5]  A common-sense reading of the statute supports the argument that attaining that goal would surely qualify as something of value, even if the state of Massachusetts law regarding the sufficiency of evidence to prove this crime had changed just prior to the issuance of the search warrant.  *See Zayas-Diaz*, 95 F.3d 105, 111 ("Given the strong preference for warrants under our Fourth Amendment jurisprudence, normally a reviewing court will defer to an issuing magistrate's 'probable cause' determination in a doubtful or marginal case.").  A deferential review of the facts presented to the magistrate shows that the affidavit established probable cause to believe that evidence of the crime would be found in the defendant's home.

### C.      The good-faith exception

Rather than restate it here, the government incorporates its previously-articulated argument that even if this Court finds the issuing magistrate erred in issuing the warrant, the motion to suppress must be denied because the officers executing the warrant acted in objectively reasonable reliance on it, and suppression is inappropriate under the *Leon* good-faith exception.  *See* Gov. Omn. Resp. at 16-18.

### D.      Analysis of analogous federal crimes

The defendant's attempt to engage this Court in an analysis of whether Puricelli's affidavit supplied probable cause for *federal correlates* of the state crimes at issue misses the mark.  The defendant cites no authority to support such an undertaking.  To the contrary: where the defendant

---

[5]   The defendant's plan was convoluted; he fabricated the emails and State Police report to convince the parents in his orbit that he had already been investigated and cleared so that, if Minor A or one of his friends did disclose his true crime, the parents would mistakenly believe that it had already been dealt with, and would thus be discouraged from sharing information with the police.

was not under investigation for federal offenses at the time the affidavits were filed, "the question

that matters with respect to the adequacy of the [affidavit] is not… whether the affidavits supported

a search for evidence of the federal child pornography offense – which the affidavits did not

purport to show.  The question is whether the affidavits provided a substantial basis for concluding

that probable cause existed that evidence of the [state crimes] would be found." *United States v.*

*Cordero-Rosario*, 786 F.3d 64, 69 (1st Cir. 2015) (internal quotations omitted).  As such, the

government does not respond to the arguments the defendant makes regarding whether the

affidavit established probable cause to believe evidence of federal crimes would be found in the

residence, which were not the target offenses identified in the warrant.

**II.**     **The issuing magistrate had a substantial basis to conclude that the second warrant supplied probable cause because under the totality of the circumstances, the affidavit demonstrated there was a fair probability that evidence of child pornography would be found in the places to be searched.**

Although the defendant did not reiterate an objection to the probable cause for the second

warrant in his supplemental memorandum and reply, the government refocuses its response to the

argument below based on the Court's comments in its Memorandum and Order.

The defendant contends that because the affidavit did not include a copy of the purported

photograph constituting child pornography, there could be no finding of probable cause to believe

that additional evidence of child pornography would be found in the digital devices in evidence.

As the government noted in its Omnibus Response, the First Circuit's preferred practice of

attaching a photo to an affidavit submitted in support of an application to search for child

pornography, *see United States v. Brunette*, 256 F.3d 14, 20 (1st Cir. 2001), applies to issuing

federal judges and not an issuing state clerk magistrate.  *See United States v. Morel*, 922 F.3d 1,

21-22 (1st Cir. 2019) ("The 'best practice' language in *LaFortune* is not applicable here in any

event because the warrant was issued by a state court.  The 'best practice' judicial gloss cannot be

imposed onto state courts.  The question before us is simply whether the affidavit was supported by probable cause to believe the girls depicted in the images were under eighteen years old."). *But see United States v. Syphers*, 426 F.3d 461 (1st Cir. 2005) (upholding state-issued warrant based on good-faith exception, but citing *Brunette*, 256 F.3d at 20, in noting that best practice is to append or specifically describe images).  Even if this Court were to find that the "best practice" *should* apply here, the federal standard for probable cause is still one of "fair probabilities" given the totality of the circumstances described in the affidavit.  Under that rubric, it is clear that the issuing magistrate had a substantial basis on which to find probable cause that evidence of child pornography would be found.

The description of the child pornography viewed by Trooper Hart as stated in the affidavit was sufficient for the magistrate to determine there was a fair probability that, given the totality of the circumstances, evidence of child pornography would be found pursuant to the warrant.  The description conveyed that Trooper Hart observed pictures he believed depicted child pornography, which he described as consisting of images of prepubescent penises that lacked pubic hair.  *See* Gov. Omn. Resp. at 7-8 (citing SW36 Aff. ¶ 4(b)(3)).  This description, even without an accompanying copy of the image, is sufficient to establish probable cause.  *See, e.g., United States v. Morel*, 2017 U.S. Dist. LEXIS 57969, 23-24 (D. N.H. 2017), aff'd *United States v. Morel*, 922 F.3d 1 (1st Cir. 2019) ("Describing children as 'prepubescent' or 'early pubescent' can establish probable cause that the images in question depict child pornography… Such terms clearly need no elaboration because they connote physical attributes (such as under-or non-developed sex organs or breasts, lack of pubic hair, and juvenile muscle development) consistent with an age well under the age of majority. ") (citing *United States v. Edwards*, 2012 U.S. Dist. LEXIS 129694, at *3 (D.N.H. Sept. 12, 2012) (probable cause existed where the affidavit described images as depicting

"girls who appeared to [sic] underage, in that they appeared to be prepubescent" and "young girls who had underdeveloped or no breasts and no pubic hair, in explicit poses"); *United States v. Barker*, 2012 U.S. Dist. LEXIS 229, at *5 (D. Vt. Jan. 3, 2012) (probable cause existed where affidavit described purported minors as "prepubescent," "early pubescent," and "early adolescent").[6]  The description of the images in such specific terms by Trooper Hart provided a substantial basis for the issuing state clerk magistrate to believe there was a fair probability that evidence of child pornography would be found pursuant to the second warrant.

## CONCLUSION

For all of the reasons outlined herein and in its previously filed Omnibus Response, the government respectfully requests that this Court DENY the defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrants and Motion for a *Franks* Hearing.

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

Date: October 22, 2019            By:    /s/ Anne Paruti_____
                                         Anne Paruti
                                         Assistant United States Attorney
                                         United States Attorney's Office
                                         One Courthouse Way
                                         Boston, MA 02210
                                         617-748-3310

---

[6]  The government incorporates herein its good-faith argument as set forth originally in its Omnibus Response.

12

**CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing:

Date: October 22, 2019                    /s/ Anne Paruti_____
                                          Anne Paruti
                                          Assistant United States Attorney