UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

UNITED STATES OF AMERICA

v.                                              DOCKET NO: 1:18-CR-10391-RGS

DEREK SHEEHAN

## **DEFENDANT'S MOTION TO RE-CONSIDER RELEASE FOR COVID-19 REASONS**

Counsel respectfully asks that the Court consider the risks and threats to the defendant's health while being incarcerated at the Plymouth County Jail as a result of the Covid-19 public health emergency; and asks that the Court release him on conditions. The defendant argues the Covid-19 pandemic and its spread into the jail is a sufficient changed circumstance to allow the Court to re-consider a prior order of detention. The undersigned asks also that the Court consider this request on an expedited basis. The undersigned asks that he be released pursuant to conditions set forth below.

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). See *also* United States v. Angiulo, 755 F.2d 969, 972-73 (1st Cir. 1985) (holding that the magistrate who issues a detention order has inherent authority to reconsider that order). Compelling reasons may exist where release is necessary for the preparation of the defendant's defense, see 18 U.S.C. § 3142(i), or where the defendant's serious medical conditions warrant release, see, e.g., United States v. Rebollo-Andino, 312 F. App'x 346, 348 (1st Cir. 2009) (explaining that a defendant who is denied bail "retains the

1

ability to request[,] . . . in extraordinary circumstances, . . . temporary release under § 3142(i)" should future developments with respect to his medical conditions so warrant).

The circumstances that existed when Derek Sheehan was ordered detained have now drastically changed. There is a pandemic that poses a direct risk to Mr. Sheehan that is far greater if he continues to be detained during this public health crisis.  Mr. Sheehan is particularly vulnerable to coronavirus because of certain medical conditions that greatly increases the harm caused by the coronavirus. Continued incarceration seriously jeopardizes his health and life.

Mr. Sheehan reports that he has underlying health issues.  In February, 2015 he suffered injuries after falling from a ladder.  He suffered 7 fractured ribs, a collapsed lung and head injuries.  He was hospitalized for a period for the most serious injury the collapsed lung.  Mr. Sheehan has experienced trouble breathing since his collapsed lung injury.  He reports further that he is suffering from high blood pressure and hypertension in recent months while housed at the Plymouth County Jail.  Attached medical records document the high blood pressure.

Courts have long recognized that there is no greater necessity than keeping a defendant alive, no matter the charge.  Even in cases where there is a presumption of dangerousness, release may be appropriate to safeguard a defendant's health and life. See, e.g, Id. See also United States v. Cordero Caraballo, 185 F. Supp. 2d 143, 146 (D.P.R. 2002) (defendant charged with assaulting and attempting to kill federal agent released to custody of his relatives because notwithstanding the defendant's apparent dangerousness in this case, his present condition is indeed grave and can deteriorate if not carefully treated. United States v. Adams, 2019 WL 3037042 (D. Or. July 10, 2019) (defendant charged with violation of the Mann Act and possession of child pornography and suffering from diabetes, heart conditions and open sores released on home detention because of his medical conditions).

The recommended measures for mitigating the spread of COVID-19 are not readily available for incarcerated inmates or those who must interact with them. Congregate settings such as jails and prisons allow for rapid spread of infectious diseases that are transmitted person to person, especially those passed by droplets through coughing and sneezing. In prison people are confined in close proximity to one another and to the staff. When people must share sleeping areas, dining halls, bathrooms, showers and other common areas, the opportunities for transmission are greater.   The undersigned has heard from various clients who are housed at the Wyatt facility that the number of sickened inmates is growing.

Mr. Sheehan is facing serious charges and a potential penalty of 15 years.  However, he is a United States citizen who has lived in Massachusetts for most of his life.  He is married and has three teenage children.  He was a longtime homeowner and his mother and siblings live in the area.  He has a minimal criminal record.

The defendant asks that him health concerns because of the covid-19 pandemic and its effects in jails be considered as grounds for the Court to enter an order releasing him.  The defendant makes the following proposed conditions of release:

1. That a cash bond in the amount of $20,000 (twenty thousand dollars) be paid by the defendant and his family;
2. That the defendant execute an unsecured bond in the amount of $100,000 (one hundred thousand dollars);
3. That the defendant's mother execute an unsecured bond in the amount of $50,000 (fifty thousand dollars);
4. That the defendant be subject to electronic monitoring and curfew during the pendency of the case with designated exclusion zones;

5. That the defendant report in person or by telephone with the Office of Pre-Trial Services on a weekly basis during the pendency of this case;

6. That the defendant maintain counseling during the pendency of this case;

7. That the defendant refrain from violating any federal or state laws;

8. The defendant agrees to not apply for a United States passport while out on release during the pendency of this case (his previous passport is expired);

9. That the defendant refrain from any contact with any witness associated with the pending prosecution against him or any minors;

10. That the defendant not possess a firearm or other dangerous weapon;

11. That the defendant not travel outside the State of Massachusetts without seeking permission from the Court;

12. And any other further condition the Court believes appropriate to ensure the defendant's appearance at trial.

Wherefore, the defendant respectfully requests that he be released from custody during the pendency of this matter pursuant to the conditions referenced above and any other conditions that the Court deems appropriate.

Respectfully submitted,
**Derek Sheehan**,
By him lawyer,

/s/ William Keefe
**William Keefe**
BBO: 556817
801 C Tremont Street
Roxbury, MA 02118
Telephone (617) 442-9201
Facsimile (617) 445-8002

## **CERTIFICATE OF SERVICE**

I, William Keefe, counsel for the defendant certify that on May 8, 2020 I served this document through the Court's electronic filing system (ECF) on all persons so registered.

Dated: May 8, 2020.          /s/ William Keefe

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)**

Counsel states that he has made effort to comply with Local Rule 7.1 by attempting to confer with opposing counsel about whether she agrees to the relief requested in this pleading.

/s/William Keefe
William Keefe