UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

UNITED STATES OF AMERICA

v.                             DOCKET NO: 1:18-CR-10391-RGS

DEREK SHEEHAN

**DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL ARGUMENTS RELATED TO A PREVIOUSLY FILED MOTION TO SUPPRESS AND MOTION TO RECONSIDER**

The defendant asks that the Court consider additional evidence related to issues presented in a previously ruled upon Motion to Suppress. Specifically, the defendant asks that the Court reconsider additional arguments that the seizure of the iPhone from the person of Nicole Sheehan (Derek Sheehan's iPhone - iPhone IMEI on SIM tray: 353002093386885) was not authorized by the first search warrant (Search Warrant 1858SW0035) and that the search of the same iPhone pursuant to the second search warrant (Search Warrant 1858SW0036) should be suppressed as fruits of the poisonous tree. The defendant submits as additional evidence his accompanying affidavit wherein he gives personal knowledge that police seized the iPhone from the person of Nicole Sheehan and that said seizure was beyond the scope of the first search warrant and that police appear to have searched his residence beyond the scope of the first search warrant. As part of this request the defendant respectfully asks for a hearing.

**The Defendant's Affidavit**

The defendant's accompanying affidavit states that on the morning of August 12, 2018 he was present in his house and asleep in his bedroom. The affidavit states further that the defendant's wife answered the front door of the residence early in the morning of August 12,

1

2018, when police arrived with the first search warrant. The defendant states that police entered his bedroom and placed him under arrest. He states further that his wife was in possession of the black iPhone in question, and she re-entered their bedroom. The defendant observed a police officer forcibly take the black iPhone from Nicole Sheehan.

The defendant makes additional assertions of fact relevant to the requests made in this supplemental pleading. Specifically, he made observations of police searching his boat, his car and his wife's car. Upon his return to his residence after he was released from court and after the police searched his house, he observed that police appeared to have watched his personal family home videos during the time they searched his house on August 12, 2018. Specifically, in his office the defendant observed that his family home videos that were stored in a safe had been removed and were strewn about the floor. He observed that the videos had been viewed. He also observed his camcorder on the floor that had one of the videos cassettes inside the camcorder with the screen viewer open and in the playback mode.

The Defendant asks that the Court reconsider arguments made in his previously filed Motion to Suppress. The defendant asks that the Court consider the additional information set forth in the defendant's accompanying affidavit in reconsidering two previous arguments made in the defendant's motion to suppress (Document 57) that was denied by the Court.

## I.    **The Search Executed Pursuant to the First Warrant was Executed Overbroadly and Exceeded the Scope of the Warrant**

a.    The iPhone that is the Subject of the Second Warrant Must be Suppressed Because it was Seized from the Person of Nichole Sheehan and Such Search Was Not Authorized

The Court should reconsider its prior order that the seizure of the iPhone from the defendant's wife did not exceed the scope of the warrant. This Massachusetts state court search

warrant expressly did not authorize the search of persons present. See, Search warrant 1854SW00035.. The evidence that police seized the black iPhone (IMEI on SIM tray: 353002093386885) from the person of Nichole Sheehan is the officer's search warrant return and the defendant's affidavit attached hereto stating that he witnessed the seizure of this iPhone.. Because the search of Nichole Sheehan was not authorized by the warrant, this iPhone and the fruits of the search of the iPhone must be suppressed. United States v. Abrams, 615 F.2d 541, 550 (1980) (Campbell, J., concurring) ("It is clear that overzealous execution [of a search, as opposed to insufficient particularity in the warrant,] requires suppression only of any materials seized outside of the warrant's authority (and the fruits of any such improperly seized material)."). See United States v. Medlin, 842 F.2d 1194, 1198-99 (10th Cir.1988) (officers' "flagrant disregard" for terms of warrant renders entire search illegal).

Here, the Court should reconsider its prior decision denying the defendant's motion to suppress because Mr. Sheehan's affidavit shows that a police officer obtained the iPhone at issue by searching the defendant's wife and seizing it from her.  The Court's ruling on this issue was that the "execution of the warrant did not exceed its authorized scope as demonstrated by the items listed in the warrant return filed with the issuing court." And adding that:  "Sheehan has no standing to object to the seizure of an iPhone from his wife's personal possession, if such a thing happened. See Rawlings v. Kentucky, 448 U.S. 98, 105 (1980)".

Leaving aside the issue of the defendant's standing to object to the seizure of the iPhone from his wife, the search and seizure of his wife was contravened by the specific dictates and restrictions of this Massachusetts state court issued search warrant.  And specifically, the warrant's restrictions precluded the police from searching "any persons present".

The defendant reiterates arguments made on this issue in its previously filled motion to suppress and memorandum.

A warrantless search is per se unreasonable under the Fourth Amendment, unless one of "a few specifically established and well-delineated exceptions" applies. <u>Arizona v. Gant</u>, 556 U.S. 332, 338 (2009) (quoting <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967)) (internal quotation marks omitted). The warrantless search of Nicole Sheehan and ensuing seizure of the black iPhone from her person (alleged by the Government to be Derek Sheehan's phone) was not supported by probable cause, nor was it supported by an exception to the warrant requirement.

The warrantless seizure of the black iPhone requires suppression of the iPhone and its fruits. Because the second warrant is based upon the warrantless search of the iPhone, all fruits of the second warrant, too, must be suppressed. <u>See</u> <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

No good faith exception applies where these trained officers sought and were denied permission to conduct this exact search on the face of the warrant. The warrant expressly told these officers that they could not search persons present. Officers acting in good faith would have recognized the limits of the warrant and the lack of probable cause to conduct the search that was conducted. <u>United States v. Crespo-Rios</u>, 623 F. Supp. 2d 198 (D. P.R. 2009) ("reasonably well-trained officer" in the field, upon looking at this warrant, would have realized that the search for evidence of the crime of child pornography did not match the probable cause described).

The defendant asks that the Court reconsider its prior ruling concerning the seizure of the iPhone at issue in light of the evidence set forth in the accompanying affidavit of the defendant.

4

b.     The Court should Reconsider its Order because Officers Seized Items From the Sheehan Home that Were Not Authorized by the Warrant

The defendant asks also that the Court reconsider its decision that the police executed the warrant in an overly broad fashion and seized or searched items for which they had no authority. Specifically, the defendant states that police searched his home office and watched his family home videos on his camcorder device. The defendant reiterates his prior argument that the police went beyond the scope of the search warrant. "When investigators fail to limit themselves to the particulars in the warrant, both the particularity requirement and the probable cause requirement are drained of all significance as restraining mechanisms, and the warrant limitation becomes a practical nullity." United States v. Woodbury, 511 F.3d 93, 97 (1st Cir.2007). Despite the specificity of the search warrant regarding the crimes that officers were investigating, files not pertaining to those crimes were opened and searched and should be suppressed. Additionally, police seized items that were not referenced at all in the application or warrant.

In United States v. Crespo-Rios, 623 F.Supp. 2d 198 (D.P.R. 2009), the Court confronted a factually similar case. The defendant communicated with an undercover agent pretending to be a twelve year old, and sent her "obscene material via his web cam." Id. at 200. The officers obtained a broad search warrant to seize all of the defendant's electronic media. This warrant permitted officers to look for evidence of possession of child pornography. During this search the police found child pornography, and the defendant was charged with possessing it. Id. The court suppressed the child pornography found and held as follows:

> [I]n the affidavit, the Agent established probable cause to search for evidence of seduction of children and/or transfer of obscene material to minors but also designed and requested a search for evidence of an entirely different crime (child pornography). Since the affidavit contained no allegation or suggestion of child pornography, there was no probable cause for the parameters of the search to include

5

>such evidence. Thus, the search of Defendant's digital media was unreasonable and in violation of the Fourth Amendment because the warrant did not authorize the forensic examination of Defendant's digital media for evidence of child pornography.

Id. at 203-04; see also United States v. Hodson, 543 F.3d286 (6th Cir. 2008).

Because the first warrant affidavit provided no reason to believe that there would be pornography, whether adult or child, on Sheehan's electronic media, evidence seized pursuant to these warrants, including all products of the second warrant which were found during the execution of the first warrant, must be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963). Here, officers knew that there was no probable cause to search video files because none of the facts contained in the affidavit suggested that video files were a fruit or instrumentality of the crimes enumerated in the warrant application.

The defendant's affidavit provides additional evidence that the police went far beyond the scope of the search warrant issued to search Sheehan's house.  It appears that the police in their zeal to find evidence of child pornography, viewed multiple mini DV cassette tapes on the defendant's camcorder device that turned out to be family home videos.  This fact, if true should be compelling evidence for the Court to conclude after reviewing all of the search warrant material that the police went far beyond the scope of the search warrants dictates.

As noted previously the police seized objects that were not objects of the search. The police seized three unopened bottles of Not Your Father's Root Beer alcoholic beverages, one Stoker's Wintergreen tobacco container, three cool cucumber JUUL cartridges, two cool mint JUUL cartridges, two JUUL devices, three and one quarter orange oval tablets in a prescription bottle with no label, one Samsung Galaxy cell phone, one label maker kit, and one black iPhone

case, and assorted paperwork (containing passwords, moving documents, assorted written notes). As argued previously these items were not the subject of the search warrant.

As such, the execution of this warrant was overbroad and suppression of items seized pursuant to this warrant and its fruits is required, the defendant asks that the Court reconsider it prior decision denying his motion to suppress.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**Derek Sheehan,**<br>by his lawyer, |
| Date July 2, 2021 | *William Keefe*<br>**William Keefe**<br>**BBO # 556817**<br>801C Tremont Street<br>Boston, MA 02118<br>Telephone: (617) 947-8483<br>Facsimile: (617) 445-8002 |

## CERTIFICATE OF SERVICE

I, William Keefe, counsel for the plaintiff, hereby certify that on July 2, 2021, I did serve this document through the Court's electronic filing system (ECF) on all persons so registered.

Dated: July 2, 2021     */s/ William Keefe*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)

Counsel states that he has conferred with opposing counsel about this motion and Assistant United States Attorney Paruti opposes this request.

*/s/W. Keefe*
William Keefe