

**U.S. Department of Justice**

***Nathaniel R. Mendell***
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 19, 2021

William Keefe, Esq.
801C Tremont Street
Boston, MA 02118

    Re:    United States v. Derek Sheehan
              Criminal No. 18-cr-10391-RGS

Dear Attorney Keefe:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Derek Sheehan ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    No later than July 20, 2021, Defendant will plead guilty to counts One through Three of the Indictment, which charge sexual exploitation of children, in violation of 18 U.S.C. § 2251. Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

    Defendant's plea shall, with the U.S. Attorney's consent, be a conditional plea of guilty, reserving Defendant's right to appeal the denial of his Motion to Suppress Evidence Seized Pursuant to Search Warrants and Motion for a *Franks* Hearing. Defendant will have the right to withdraw his guilty plea should Defendant prevail on appeal.

    2.    <u>Penalties</u>

    Defendant faces the following mandatory minimum and maximum penalties on each count: incarceration for 30 years, with a mandatory minimum term of 15 years; supervised release for five years to life; a fine of $250,000; a mandatory special assessment of $100; a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 (the "JVTA assessment"), unless the Court finds that Defendant is indigent; restitution; and forfeiture to the extent charged in the Indictment.

    Defendant understands and acknowledges that as a consequence of his conviction for the

1

crime to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

3. Sentencing Guidelines and Sentence Recommendation

This agreement does not bind either the U.S. Attorney or the defendant to any particular sentencing recommendation. The parties understand that the U.S. Probation Office will calculate a Guidelines Sentencing Range based on the offense conduct and relevant conduct, the specific offense characteristics that it deems applicable based on the offense conduct and relevant conduct, Defendant's criminal history score and corresponding Criminal History Category, and any other enhancements or departures that may apply. The parties understand that they will have the opportunity to object to that calculation.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees, in part, to give them up. Defendant's plea shall, with the U.S. Attorney's consent, be a <u>conditional</u> plea of guilty, reserving Defendant's right to appeal the denial of his Motion to Suppress Evidence Seized Pursuant to Search Warrants and Motion for a *Franks* Hearing. These motions, and memoranda submitted in support of them, are at docket entries 57, 58, 82, and 115. Pursuant to Fed. R. Crim. P. 11(a)(2), Defendant will have the right to withdraw his guilty plea if, and only if, Defendant prevails on appeal of those specific pretrial motions.

Otherwise, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence with the exception of appealing the Motion to Suppress and Motion for *Franks* Hearing referenced above, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

5. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information

or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Anne Paruti.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *[signature]*
WILLIAM F. ABELY
Chief, Criminal Division

*[signature]*
ANNE PARUTI
CHARLES DELL'ANNO
Assistant U.S. Attorneys

4

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I previously received an offer, communicated to my attorney by email on June 15, 2021 and rejected it.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement, and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Derek Sheehan
Defendant

Date: _20-July-2021_

I certify that Derek Sheehan has read this Agreement and that we have discussed what it means. I believe Derek Sheehan understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer by email on June 15, 2021 and that I fully discussed that offer with Defendant before Defendant rejected it.

_____
William J. Keefe
Attorney for Defendant

Date: _____

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I previously received an offer, communicated to my attorney by email on June 15, 2021 and rejected it.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement, and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Derek Sheehan
Defendant

Date: _____

I certify that Derek Sheehan has read this Agreement and that we have discussed what it means. I believe Derek Sheehan understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that, in addition to this offer, the U.S. Attorney extended an offer by email on June 15, 2021 and that I fully discussed that offer with Defendant before Defendant rejected it.

_____
William J. Keefe
Attorney for Defendant

Date: July 20, 2021

5