UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 18cr10391-RGS |
| | ) |
| DEREK SHEEHAN, | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

In support thereof, the United States sets forth the following:

1. On October 25, 2018, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment, charging Derek Sheehan (the "Defendant") with Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts One through Three).

2. The Indictment also included a Child Pornography Forfeiture Allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon acceptance of the plea of the Defendant, of one or more of the offenses alleged in Counts One through Three of the Indictment, of any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18; or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such

offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  On September 20, 2018, law enforcement officers seized, without limitation, the following property from the defendant's residence in Norwell, Massachusetts,

    a.  One HP Proliant DL 380p, bearing serial number USE241J2AM

    b.  Twenty-seven (27) western digital 4TB hard drives

(collectively, the "Property").

4.  On July 20, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Indictment pursuant to a written plea agreement that he signed on the same day.  *See* Docket No. 124.

5.  In Section 5 of the plea agreement, the Defendant waived and released any claims the Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state of local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consented to the forfeiture of all such assets.  *Id* at 3.  The Defendant therefore consented to the forfeiture of all of his interest in the Property.

6.  In light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.  Accordingly, the Property is subject to forfeiture pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

7.  Pursuant to 18 U.S.C. § 2253, and Rule 32.2(4)(A), of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that are the subject of the amended Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court, if, and only if, the Court accepts the plea agreement tendered pursuant to Rule 11(c)(1)(C), at sentencing:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)　　incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney,

By:　/s/ *Carol E. Head*
ANNE PARUTI
CHARLES DELL'ANNO
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Carol.Head@usdoj.gov

Dated: October 15, 2021