UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 18-CR-10391-RGS |
| | ) | |
| DEREK SHEEHAN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO CORRECT SENTENCE PURSUANT TO RULE 35

The United States of America, by and through Acting United States Attorney Nathaniel R. Mendell, and Assistant U.S. Attorneys Anne Paruti and Charles Dell'Anno, hereby opposes the defendant's Motion to Correct Sentence Pursuant to Rule 35 [ECF 142]. In support of his motion, the defendant claims only that the "Court was not authorized to sentence the defendant to consecutive sentences." *Id*. This assertion is plainly insufficient to invoke Rule 35, which allows a court to correct a sentence that "resulted from…clear error." Fed. R. Crim. P. 35(a). It is unsupported by argument or citation to authority, and the motion must therefore be DENIED.

The function of Rule 35(a) is "narrowly circumscribed: it permits correction…of an illegal sentence." *United States v. Sevilla-Oyola*, 770 F.3d 1, 10 (1st Cir. 2016) (internal citation omitted). A sentence is illegal if the punishment was imposed in excess of statutory limits, multiple terms were imposed for the same offense, or the terms of the sentence were otherwise legally or constitutionally invalid. *Id.* at 10-11.

Here, the sentence did not result from clear error and it is therefore not subject to revision pursuant to Rule 35(a). The defendant pled guilty to three counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251. [ECF 13, 124, 125]. Conviction of each count exposed the

defendant to a statutory maximum term of incarceration of 30 years and a statutory minimum term of incarceration of 15 years. 18 U.S.C. § 2251(e). The Court imposed a sentence of 540 months (45 years), ordering the minimum term of incarceration, 180 months (15 years), on each count. [ECF 137]. These terms of incarceration are well within statutory limits; in fact, they are the minimum allowed by law. Furthermore, the defendant has made no claim that multiple terms were imposed for the same offense; any such argument would clearly fail, where each count of conviction clearly specifies a different child victim. [ECF 13].

Finally, the defendant has not articulated any other legal or constitutional basis for which this Court may find that it was "not authorized" to impose consecutive sentences.[1] The Court properly determined that the terms of imprisonment imposed on each of the three counts of conviction should run consecutively, including an assessment of the 3553(a) factors in its oral pronouncement of the total sentence of 45 years, which varied downward from the 90-year sentence called for by the Guidelines, and the significance of imposing three separate sentences in a case with three separate charged victims.[2] *See* 18 U.S.C. § 3584; *see also United States v. Williams*, 934 F.3d 804, 807-808 (8th Cir. 2019) (district court did not plainly err in ordering sentences for multiple § 2251 convictions to run consecutively).

---

[1] Technically, it might be posited that the Court should have imposed the statutory maximum (360 months, or 30 years) on one count and additional terms sufficient to achieve the total sentence on the remaining counts (180 months, or 15 years, concurrent with each other) consecutive to that count "to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d). But the defendant does not make that argument in his bare-bones motion, and the government thus does not respond to any such hypothetical position.

[2] The undersigned has not ordered the transcript of the November 23, 2021 sentencing hearing, *see* ECF 135, and instead relies on her memory of the proceedings.

For all of these reasons, the defendant's Motion should be DENIED.

                                        Respectfully Submitted,

                                        NATHANIEL R. MENDELL
                                        Acting United States Attorney

Dated: January 7, 2022                  /s/ Anne Paruti
                                        Anne Paruti
                                        Charles Dell'Anno
                                        Assistant U.S. Attorneys
                                        (617) 748-3100

## **CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic filing:


Dated: January 7, 2022                                    */s/ Anne Paruti*_____
                                                          Anne Paruti
                                                          Assistant United States Attorney